# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DICKEY'S BARBECUE PIT, INC., | § | |
| DICKEY'S BARBECUE RESTAURANTS, | § | |
| INC. | § | |
| | § | Civil Action No. 4:17-CV-00127 |
| v. | § | Judge Mazzant |
| | § | |
| CELEBRATED AFFAIRS CATERING, | § | |
| INC., DAVID WIRTH, PAMELA WIRTH | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' First Amended Application for Temporary and Preliminary Injunctive Relief (Dkt. #11). After considering the complaint, the application, and the arguments of counsel, the Court finds the motion should be granted.

## BACKGROUND

This dispute centers around Defendants' unauthorized production, manufacture, distribution, advertisement, promotion, marketing, offering for sale, and sale of Plaintiffs' trademarked barbeque, sides, rub, and sauce. Plaintiffs are the owners of the following trademarks:

| Reg. Number | Trademark |
|---|---|
| 1980072 | Dickey's Barbecue Pit A Texas Tradition Since 1941 (Design plus words) |
| 2878761 | A Texas Tradition Since 1941 Dickey's Barbecue Pit (Design plus words) |
| 3205121 | Dickey's Barbecue Pit Since 1941 (Design plus words) |
| 3237281 | Dickey's |
| 4249206 | Dickey's Barbecue Pit Original Barbecue Sauce |
| 4249207 | Dickey's Barbecue Pit Original Barbecue Rib Rub |
| 4249263 | Dickey's Barbecue Pit |
| 4579035 | Big Yellow Cup Club |
| 4631706 | Dickey's Barbecue Pit (Design plus words) |
| 5086496 | We Speak Barbecue |
| 87002549 | Dickey's Barbecue Pit (Design plus words - pending) |

| | |
|---|---|
| 1202218 | Dickey's Barbecue Pit (Design plus words - international) |
| 1183816 | Dickey's (International) |

(Dkt. #14, Exhibit D).

On May 22, 2013, and July 23, 2015, Defendants entered into franchise agreements with Dickey's Restaurants (collectively, the "Franchise Agreements"). As part of these agreements, Defendants operated two Dickey's Barbeque Pit Restaurants at 7850 N. Oracle, Tucson, Arizona 85704 and 5250 E. 22nd Street, Tucson, Arizona 85711.

On February 2, 2017, Defendants terminated the Franchise Agreements. Upon termination, the "Obligations Upon Termination or Expiration" clause in the Franchise Agreements prohibit Defendants from (1) reopening the franchise restaurants; (2) opening a barbeque restaurant within a five-mile radius of the Dickey's Barbeque franchise restaurants; and (3) using any of the confidential methods, procedures, and trade secrets associated with the Dickey's Restaurants' System. Termination also required Defendants to immediately and permanently cease use of all signs, advertising materials, displays, stationary, forms, and any other articles which display Plaintiff's marks.

On February 5, 2017, a representative for Plaintiffs visited each of Defendants' locations and documented the continued use of Plaintiff's trademarks.

On February 20, 2017, Plaintiffs filed a complaint (Dkt. #1). That same day, Plaintiffs filed an Application for Temporary Restraining Order and Temporary Injunctive Relief (Dkt. #2). The Court denied the application for lack of notice to Defendants (Dkt. #4). On February 28, 2017, Plaintiffs filed an Amended Complaint and their First Amended Application for Temporary and Preliminary Injunctive Relief (Dkt. #6; Dkt. #11) and service was made upon Defendants. The Court held a hearing on March 6, 2017. Defendants David and Pamela Wirth appeared for the hearing, pro se.

As of the date of this order, Defendants continue to operate stores at 7850 N. Oracle, Tucson, Arizona 85704 and 5250 E. 22nd Street, Tucson, Arizona 85711.

## LEGAL STANDARD

Under Rule 65 of the Federal Rules of Civil Procedure, "[e]very order granting an injunction and every restraining order must: (a) state the reasons why it issued; (b) state its terms specifically; and describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d). A plaintiff seeking a temporary restraining order must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiff will suffer irreparable harm if the injunction is not granted; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).

## ANALYSIS

Plaintiffs seek a temporary restraining order to restrain the Defendants from infringing on Plaintiff's trademarks. The Court finds that Plaintiffs have established all four elements necessary for a temporary restraining order on their trademark infringement claim.

Plaintiffs are likely to succeed on their trademark infringement claim. To prevail on a claim for trademark infringement, the registrant must show: (1) its mark was used in commerce by the defendant without the registrant's consent; and (2) the unauthorized use was likely to cause confusion, or to cause mistake or to deceive. *See* 15 U.S.C. § 1114(1)(a); *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008). Plaintiffs have provided direct evidence that Defendants are using marks identical to Plaintiffs' marks. Plaintiffs terminated the Franchise Agreements and thus revoked permission to use the marks in its February 2, 2017 termination letter. While the Court reserves judgment on the merits of Plaintiffs' claims, the

Court finds that Plaintiffs have shown a substantial likelihood of success on their trademark infringement claim.

Plaintiffs are likely to suffer immediate and irreparable harm to their goodwill and reputation by Defendants' use of Plaintiffs' trademarks and systems. Plaintiffs cannot be adequately compensated for the loss of control over its marks resulting in loss of goodwill, reputation, or customer confusion.

The threatened injury of loss of goodwill, reputation, and customer confusion to Plaintiffs greatly outweighs any damage to Defendants.

Finally, the public has an interest in not being deceived or confused and for persons to comply with federal statutes and regulations regarding trademarks. *See S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 379 (3d Cir. 1992); *TGI Friday's Inc. v. Great Nw. Rests., Inc.*, 652 F. Supp. 2d 763, 773 (N.D. Tex. 2009).

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' First Amended Application for Temporary and Preliminary Injunctive Relief (Dkt. #11) is hereby **GRANTED**.

It is further **ORDERED** that Defendants Celebrated Affairs Catering, Inc., David Wirth, and Pamela Wirth, their agents, servants, employees, officers, associates, attorneys, and those in active concert or participation with Defendants, are hereby **RESTRAINED** from:

(1) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Dickey's trademarks or any marks/designs identical thereto, substantially indistinguishable from, substantially similar thereto, or confusingly similar thereto;

(2) engaging in any other activity that will dilute the distinctiveness of the Dickey's trademarks;

(3) committing any other act which falsely represents or has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, endorsed by, or in any other way associated with Dickey's Barbecue Pit, Inc. or Dickey's Barbecue Restaurants, Inc.; and

(4) from using, disposing of, alienating or doing or failing to do anything that would affect (a) the delivery to Dickey's Barbecue Restaurants, Inc. for destruction or other disposition all remaining inventory of the Dickey's Barbecue Restaurants, Inc. stores Defendants operated, or other merchandise bearing the Dickey's trademarks, or any marks confusingly or substantially similar thereto, including all advertisements, promotional and marketing materials therefore, as well as means of making same including signs; and (b) the preservation of the equipment, furniture, and fixtures at the Dickey's Barbecue Restaurants, Inc. stores operated by Defendants.

It is further **ORDERED** that Defendants Celebrated Affairs Catering, Inc., David Wirth, and Pamela Wirth, their agents, servants, employees, officers, associates, attorneys, and those in active concert or participation with Defendants:

(1) Deliver to Plaintiffs for destruction or other disposition all remaining inventory of Defendants' restaurants, or other merchandise bearing the Dickey's Pit's trademarks, Dickey's Restaurants' system, or any marks confusingly or substantially similar thereto, including all advertisements, promotional and marketing materials therefore, as well as the means of making these items, including signs;

(2) To supply Plaintiffs a list of all downstream purchasers of the product from Defendants' restaurants and provide all documents, including correspondence,

invoices, and receipts, related to Defendants purchase of the product for Defendants' restaurants;

(3) To file with this Court and serve on Plaintiffs within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction; and

(4) To submit an accounting to Plaintiffs of all of Defendants' gains, profits, and advantages derived from the unauthorized use of Plaintiffs' trademarks, if any.

It is further **ORDERED** that this temporary restraining order shall not be effective unless and until Plaintiffs have filed an appropriate bond or cash deposit in lieu thereof in the amount of $500.

It is further **ORDERED** that the hearing on Plaintiff's request for a Preliminary Injunction is set for Tuesday, March 21, 2017 at 12:00 p.m. at the Paul Brown United States Courthouse, 101 E. Pecan Street, Sherman, Texas, 75090.

This order will expire on the 20th day of March, 2017, unless extended by order of the Court.

**IT IS SO ORDERED.**
**SIGNED this 6th day of March, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE